J-S10036-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ERIC MICHAEL REISNER | |
| Appellant | No. 1853 EDA 2014 |

Appeal from the Judgment of Sentence May 27, 2014
In the Court of Common Pleas of Monroe County
Criminal Division at No(s): CP-45-CR-0002592-2013

BEFORE:  GANTMAN, P.J., STABILE, J., and PLATT, J.*

MEMORANDUM BY GANTMAN, P.J.:                FILED MARCH 12, 2015

Appellant, Eric Michael Reisner, appeals from the judgment of sentence entered in the Monroe County Court of Common Pleas, following his jury trial convictions for one count of corruption of a minor, one count of unlawful contact with a minor, and one count of indecent assault of a person less than 13 years of age.[1]  We affirm.

In its opinion, the trial court fully and correctly sets forth the relevant facts and procedural history of this case as follows:

> On December 10, 2013, a Criminal Information was filed charging [Appellant] with the following: one count of Corruption of a Minor, one count of Unlawful Contact with a Minor, one count of Indecent Assault of a Person Less

_____

[1] 18 Pa.C.S.A. §§ 6301(a)(1)(ii), 6318(a)(1), 3126(a)(7), respectively.

_____

*Retired Senior Judge assigned to the Superior Court.

than 13 Years of Age. [Appellant's] conviction stems from facts which occurred in the victim's home located at…Monroe County, Pennsylvania when the victim was under 13 years of age. [Appellant] knew S.A., the minor victim, as [Appellant] was best friends with S.A.'s stepfather. S.A. referred to [Appellant] as "Uncle Eric." The incident underlying [Appellant's] conviction occurred sometime in July or August of 2011. At that time, [Appellant] and S.A. were "roughhousing" in the basement. By this, S.A. clarified that [Appellant] and she were "poking each other, or just like tickling each other, or just joking around." Then, [Appellant] pinched her nipple over her shirt, and then under. S.A. stopped playing and backed away. [Appellant] then went under her shirt and under her bra and proceeded to pinch her nipple. S.A. told [Appellant] to stop, and he did. [Appellant's] family, including her parents and siblings, were upstairs at the time. Following the incident, S.A. sat down with [Appellant] to watch television. In the following year, S.A. began having trouble in school, namely with her friends. S.A. testified that she began to cut herself. S.A. opened up to one of her friends about the incident that occurred between [Appellant] and her. In February of 2013, S.A. was called to her guidance counselor's office after her friend reported the incident. Thereafter, [Appellant] was arrested. Following a preliminary hearing which occurred on December 11, 2013, all charges were bound over to the Monroe County Court of Common Pleas. A trial on this matter was held on March 13 and 14 of 2014. A jury found [Appellant] guilty on all counts listed in the criminal information. On May 27, 2014, this Court sentenced [Appellant] to a total aggregate sentence of nine (9) to eighteen (18) months in the Monroe County Correctional Facility. [Appellant] was not classified as a Sexually Violent Predator. …[Appellant] was classified as a Tier III offender pursuant to 42 Pa.C.S.A. § 9799.14(d)(16). As such, this [c]ourt imposed lifetime registration requirements on [Appellant].

(Trial Court Opinion, filed August 4, 2014, at 1-2) (internal citations to the record omitted). Appellant timely filed a notice of appeal on June 23, 2014. That same day, the court ordered Appellant to file a concise statement of

errors complained of on appeal, pursuant to Pa.R.A.P. 1925(b). Appellant timely filed his statement on July 14, 2014.

Appellant raises the following issue for our review:

SHOULD [APPELLANT] HAVE TO REGISTER AS A LIFETIME MEGAN'S LAW REGISTRANT AS THE CONDUCT FOR WHICH HE WAS CONVICTED, WHILE CONSTITUTING MULTIPLE CRIMINAL ACTS, WAS A SINGLE NONVIOLENT ACT LASTING NO MORE THAN A FEW SECONDS?

(Appellant's Brief at 5).

Appellant argues the conduct constituting criminal behavior lasted no more than a few seconds. Appellant asserts at trial, the court agreed there was no continuing course of conduct on Appellant's part. Appellant contends his conviction stemmed from a single incident. Under the plain language of the statute, Appellant argues it is simply illogical to require lifetime registration for one criminal act that occurred over a few seconds and was "nonviolent" in nature. Appellant claims he is not a person who committed multiple offenses or had multiple victims. Appellant directs our attention to the opinion in support of reversal in **Commonwealth v. Gehris**, 618 Pa. 104, 115, 54 A.3d 862, 869 (2012), for the proposition that the intent of the General Assembly was to set up a graduated registration scheme for sex offenders, with violent offenders and true recidivists subject to lifetime registration, while first time, nonviolent offenders should be given the opportunity for rehabilitation. Appellant concludes this Court should vacate

the order for lifetime registration and remand for imposition of the fifteen-year registration requirement under SORNA. We cannot agree.

Section 9799.14 governs the classification of sexual offenses for registration requirements in relevant part as follows:

**§ 9799.14. Sexual offenses and tier system**

**(a) Tier system established.─**Sexual offenses shall be classified in a three-tiered system composed of Tier I sexual offenses, Tier II sexual offenses and Tier III sexual offenses.

**(b) Tier I sexual offenses.─**The following offenses shall be classified as Tier I sexual offenses:

* * *

(8) 18 Pa.C.S. § 6301(a)(1)(ii) (relating to corruption of minors).

* * *

**(c) Tier II sexual offenses.─**The following offenses shall be classified as Tier II sexual offenses:

* * *

(5) 18 Pa.C.S. § 6318 (relating to unlawful contact with minor).

* * *

**(d) Tier III sexual offenses.─**The following offenses shall be classified as Tier III sexual offenses:

* * *

(8) 18 Pa.C.S. § 3126(a)(7).

* * *

(16) Two or more convictions of offenses listed as Tier I or Tier II sexual offenses.

42 Pa.S.C.A. § 9799.14 (a)-(d). Section 9799.15 governs the length of time an individual must register with the Pennsylvania State Police as a sexual offender in pertinent part as follows:

**§ 9799.15. Period of registration**

**(a) Period of registration.**–Subject to subsection (c), an individual specified in section 9799.13 (relating to applicability) shall register with the Pennsylvania State Police as follows:

\* \* \*

(3) An individual convicted of a Tier III sexual offense shall register for the life of the individual.

\* \* \*

42 Pa.C.S.A. § 9799.15(a)(3).[2] Pennsylvania law makes clear that the registration requirements under the Sexual Offender Registration and Notification Act ("SORNA"), 42 Pa.C.S.A. §§ 9799.10-9799.41, do not constitute criminal punishment. **Commonwealth v. McDonough**, 96 A.3d

---

[2] The Commonwealth Court recently decided a SORNA provision in Section 9799.15 was punitive where it required an offender to update registration information including temporary lodging, cell phone number, and information relating to motor vehicles owned or operated, in person at a registration site within three business days, but the provision could be severed from the remainder of the statute while preserving the otherwise valid subsections. **See Coppolino v. Noonan**, 102 A.3d 1254 (Pa.Cmwlth. 2014). The present case does not implicate the provision declared punitive in **Coppolino**. Nevertheless, the appellate Court's vigilance confirms the statutory purpose is public safety and remediation, not punishment.

1067 (Pa.Super. 2014) (rejecting argument that mandating registration under SORNA is punitive; reiterating that registration requirements for sex offenders is product of remedial legislation with non-punitive goal of public safety).

"Statutory interpretation 'is a question of law and, as such, our standard of review is *de novo* and our scope of review is plenary.'" ***J.C.B. v. Pennsylvania State Police***, 35 A.3d 792, 794 (Pa.Super. 2012), *appeal denied*, 616 Pa. 653, 49 A.3d 444 (2012), *cert. denied*, ___ U.S. ___, 133 S.Ct. 1808, 185 L.Ed.2d 827 (2013).

> The basic tenet of statutory construction requires a court to construe the words of the statute according to their plain meaning. When the words of a statute are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit. 1 Pa.C.S.A. § 1921(b).
>
> Generally speaking, the best indication of legislative intent is the plain language of a statute…. Under [1 Pa.C.S.A.] Section 1921(c), it is only when the words of a statute are not explicit that a court may resort to other considerations, such as the statute's perceived "purpose," in order to ascertain legislative intent. Consistently with the Act, this Court has repeatedly recognized that rules of construction, such as consideration of a statute's perceived "object" or "purpose," are to be resorted to only when there is an ambiguity. Finally, we note the maxim of statutory interpretation that the expression of one thing in a statute implies the exclusion of others not expressed. Similarly, the court may not supply omissions in the statute when it appears that the matter may have been intentionally omitted.

***Commonwealth v. Finley***, 860 A.2d 132, 140 (Pa.Super. 2004) (some internal citations, footnotes, and quotation marks omitted). Subsection

9799.14(d)(16) demonstrates without ambiguity that two or more convictions of offenses listed as Tier I or Tier II sexual offenses qualifies under Tier III for lifetime registration. 42 Pa.C.S.A. §§ 9799.14(d)(16), 9799.15(a)(3). **See also Gehris, supra** at 108, 54 A.3d at 864 (citing **Commonwealth v. Merolla**, 909 A.2d 337 (Pa.Super. 2006) (refusing to inject recidivist philosophy into statute; it is irrelevant whether convictions arose out of same criminal episode)).

Instantly, a jury convicted Appellant under 18 Pa.C.S.A. § 3126(a)(7), of one count of indecent assault of a person less than 13 years of age. Section 9799.14(d)(8) of SORNA unequivocally states a conviction of indecent assault of a person less than 13 years of age requires Tier III, lifetime sex offender registration. A jury additionally convicted Appellant of two Tier I sex offenses. Section 9799.14(d)(16) of SORNA makes clear that convictions for two or more Tier I sex offenses also requires Tier III lifetime sex offender registration. The language of SORNA is clear and unambiguous as it pertains to the registration requirements; therefore; courts are obliged to observe those legislative parameters. Thus, Appellant qualifies for and is subject to SORNA's lifetime registration, regardless of how his convictions are reviewed. Accordingly, we affirm.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/12/2015